■ SYLVESTER PAULO, Plaintiff, and LOIS PAULO, Respondent, v. HAROLD P. KAISER, Appellant.— Appeal from a judgment entered on a verdict rendered at a Trial Term of the Supreme Court, Chemung County. Plaintiff has had a verdict arising from a street intersection collision in Elmira. Plaintiff was proceeding southerly and defendant was proceeding easterly on her right. A " slow " sign controlled the approach in defendant's direction and required him to enter the intersection at not in excess of 15 miles an hour; no sign controlled plaintiff's approach. Plaintiff testified she looked to the right before she entered the intersection at 15 feet north of the north curb line of the street she was entering and saw no traffic, the reach of her observation being fixed by her at 60 feet. She said she continued on the right-hand side of her street, looked to the left and as she straightened out her head to look straight, was struck by defendant's car at a point beyond the center of the street on which defendant was driving. Defendant testified he had been driving 20 miles an hour but slowed down in the intersection in obedience to the sign to 15 miles an hour; that he saw plaintiff's car enter — straddling the crosswalk on defendant's left —" two or three car-lengths, maybe a car length back " from the curbline. Defendant said plaintiff's car was going 25-30 miles an hour; he noticed that as plaintiff's car proceeded " there was no change whatsoever " in its speed; that " when " he " saw " it he applied his brakes and turned to the right. " That was all I had time to do." He noticed that plaintiff " went straight ahead and did not reduce speed ". He also noticed " there was no change whatsoever ". The jury could have found defendant negligent in the light of his obligation to proceed slowly into that intersection; the point of contact where plaintiff was beyond the center of defendant's street and in the southwest quadrant of the

intersection; and of the defendant's apparent warning of the danger and his apparent continuing observation of plaintiff's car and its speed, i.e. "there was no change whatsoever" in plaintiff's speed, that he could have avoided the collision by stopping a car going 15 miles an hour. Failure of plaintiff to see defendant's car at such an intersection before she got beyond the center was not necessarily contributory negligence; it represents a pattern of observation and action often seen in street intersection cases and it is a matter usually left for the jury. We do not regard the finding of freedom from contributory negligence to be against the weight. The jury could also have found on the basis of admissions to a police officer that defendant came into the intersection faster than his testimony disclosed and faster than the traffic regulation permitted and that he did not see the plaintiff's car until it was 10 feet from him. The policeman testified to independent recollection of these admissions; we do not see error requiring a reversal in that he was allowed to refer to a memorandum made by another policeman from the witness' own notes on the conversation with defendant. The verdict is not excessive. Judgment affirmed, with costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.